SCOTT G. HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 26261-87.
United States Tax Court
T.C. Memo 1988-198; 1988 Tax Ct. Memo LEXIS 231; 55 T.C.M. (CCH) 788; T.C.M. (RIA) 88198; May 4, 1988. Scott G. Hill, pro se. Victoria Gunn, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before us on respondent's motion to dismiss this case for lack of jurisdiction as to the taxable year 1984 and to strike all references to the taxable year 1984 from the amended petition. Respondent contends that the petition filed by petitioner did not raise any issues regarding the taxable year 1984 and that no other petition was filed within the 90-day period with respect to the taxable year 1984, as required by section 6213. [1] Petitioner filed an objection to respondent's motion. *232 On May 7, 1987, respondent sent two notices of deficiency to petitioner, [2] both dated May 8, 1987. One of the notices related to the taxable years 1981, 1982, and 1983, and determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$ 2,877.67
$ 566.41
$ 143.88
*
$ 162.28
1982
$ 1,761.00
$ 310.25
$  88.05
*
$ 108.38
1983
$ 2,703.00
$ 675.75
$ 135.15
*
$ 263.64
*233 The other notice related to the taxable year 1984 and determined a deficiency and additions to tax as follows: Additions to Tax
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
1984
$ 12,430.00
$ 2,905.75
$ 621.50
*
$ 718.06
$ 3,107.50
Both notices made adjustments relating to petitioner's failure to file returns for the years covered by the notices. On August 4, 1987, petitioner filed a petition with this Court which contained references only to the taxable years 1981, 1982, and 1983 and failed to make any mention of taxable year 1984. However, petitioner attached both notices of deficiency to his petition. On November 9, 1987, petitioner filed a motion for leave to file an amendment to his petition. That motion stated that amendment of the petition was necessary to include taxable year 1984 in the petition and also stated that petitioner's intent to include the notice of deficiency for taxable year 1984 was shown by the fact that the notice was attached to the petition. That motion was granted on November 20, 1987. On March 9, 1988, respondent filed *234 his motion to dismiss for lack of jurisdiction as to the taxable year 1984. The issue for decision is whether the petition filed in this case is sufficient to give us jurisdiction over the taxable year 1984. The amended petition cannot independently confer jurisdiction upon this Court because it was filed more than 90 days after the issuance of the notices of deficiency. ; section 6213(a); Rules 13(c), 41(a). The facts in this case do not differ materially from those of [3] In O'Neil, respondent issued to the taxpayer a notice of deficiency which covered four consecutive years. The taxpayer filed a timely petition with this Court and attached a copy of the notice of deficiency. The petition clearly referred to and made objections to the deficiencies determined for the first three years but did not mention the fourth year or the deficiency determined for the fourth year. We held that the petition did not confer upon us jurisdiction over the fourth year. *235 Our consistent policy is to be liberal in treating as petitions all documents filed by taxpayers within the 90-day period if they were intended as petitions. , and cases cited therein. See also . Nevertheless, a document must contain objective facts indicating that a deficiency is being contested before it is treated as a petition with respect to that deficiency. . See also . While detailed allegations of error were set out with respect to the taxable years 1981, 1982, and 1983, none were set out with respect to taxable year 1984. In that regard it should be noted that "Each year is the origin of a new liability and of a separate cause of action." . The only distinguishing factor between O'Neil and the instant case is that in O'Neil the year omitted from the petition was covered by the same notice of deficiency while, in the instant case, the omitted year was covered by a *236 different notice of deficiency. That, however, is a distinction without a difference. The attachment to the petition of the notice of deficiency covering taxable year 1984, standing alone, is not sufficient to confer jurisdiction over the deficiency for taxable year 1984 where no reference is made to the notice of deficiency in the petition and no allegation of error is set out in the petition with respect to the deficiency for taxable year 1984. The terms of the petition itself must indicate that the determination for a particular year is disputed. . Since the amended petition was not filed within 90 days after issuance of the statutory notice for 1984, respondent's motion will be granted. If petitioner wishes to contest his tax liability for 1984, he must do so in another forum. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent submitted a copy of United States Postal Service Form 3877 with his motion to establish the mailing of the notices of deficiency. Listed on the Form 3877 are petitioner's name, address, and Social Security identification number, an identification of the four years covered by the notices of deficiency at issue, and a verification of the May 7, 1987, postmark. In , we noted that the Form 3877 represented direct evidence of Form 3877, we find that respondent mailed an envelope containing both notices of deficiency on May 7, 1987, in the same envelope. 50 percent of the interest due on the underpayment.
*↩ 50 percent of the interest due on the undepayment. 3. The facts of the instant case are also very similar to those of , affd. without published opinion . In Franks, the Commissioner issued two notices of deficiency, one for taxable year 19980 and one for taxable year 1981. Both notices made adjustments primarily related to the same investments of the taxpayer. The taxpayer filed a petition which contained references only to the taxable year 1981 and attached the notice of deficiency for the 1981 taxable year. The petition did not mention the 1980 taxable year and the notice of deficiency for taxable year 1980 was not attached. The taxpayer moved to amend the petition to include the 1980 taxable year and the Court granted his motion to amend; however, since the amendment was not filed within 90 days after the notice of deficiency was issued, we granted respondent's motion to dismiss with respect to the taxpayer's 1980 taxable year. In the instant case, petitioner attached the notice of deficiency for the 1984 taxable year to the petition but neither referred to the notice of deficiency covering taxable year 1984 nor set out any allegations of error with respect to the deficiency for taxable year 1984 in his petition. Thus, the only difference between the instant case and Franks v. Commissioner↩ is that in the instant case the notice of deficiency for the omitted year (1984) was attached to the petition.